```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
                                :
KIM CARL,                       :
                                :
            Plaintiff,          :
                                :
    -against-                   :
                                :
THE CITY OF YONKERS, THE CITY   :    MEMORANDUM ORDER
OF YONKERS POLICE DEPARTMENT,   :    04 Civ. 7031(SCR)(MDF)
P.O. McCORMACK, P.O. MAHONEY,   :
P.O. CAMPANA, P.O. CUSICK,      :
P.O. McGOVERN, P.O. DEMCHACK,   :
P.O. McINTYRE,                  :
                                :
            Defendants.         :
                                :
-------------------------------X
```

Mark D. Fox, United States Magistrate Judge.

Plaintiff, Kim Carl, has brought this action seeking to recover damages under 42 U.S.C. § 1983 for injuries allegedly sustained during the course of an arrest by the defendant police officers in September 2001. The Defendants now move to strike the Plaintiff's second amended complaint. For the reasons stated below, the Defendants' motion is granted.

## **Background**

In his initial complaint, Plaintiff, who was then proceeding *pro se*, asserted claims of false arrest, excessive force, and retaliation for the filing of a previous § 1983 lawsuit for civil rights violations allegedly stemming from a prior arrest. *See* Compl. In February 2005, after retaining counsel, Plaintiff

1

filed a motion to amend his complaint and a proposed amended complaint.  *See* Affidavit in Support of Defendants' Motion, Exs. B (Notice of Motion and Attorney's Affirmation) and C (Proposed Amended Compl.).  Plaintiff sought to add a failure to train claim under *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978) ("*Monell* claim") and a claim for injunctive relief.  *See* Affidavit in Support of Defendants' Motion, Ex. C.  At an October 31, 2005 conference, this Court granted Plaintiff's motion with respect to only his claim of excessive force.  *See* Trans. of 10/31/05 Motion Hearing at 9.  The Court specifically denied Plaintiff's motion as to his false arrest claim and advised Plaintiff that he could seek leave to re-file a false arrest claim in the event Plaintiff's underlying conviction was set aside.  *See id*. at 8.  With respect to Plaintiff's *Monell* claim, the Court denied Plaintiff's request to amend the complaint to add such a claim, finding that he failed to set forth what training or lack thereof resulted in the alleged injuries and that, to the extent the failure to train claim was based on the false arrest, the claim was premature.  *See id*. at 8-9.  Finally, the Court denied Plaintiff's motion to the extent that he sought to add a claim for injunctive relief.  *See id*. at 9-10.

On December 12, 2005, Plaintiff, without leave of the Court,

filed a second amended complaint,[1] in which he again asserts an excessive force claim and, despite this Court's prior ruling, a *Monell* claim and a false arrest claim. *See* Affidavit in Support of Defendants' Motion, Ex. E (Amended Compl.). Additionally, Plaintiff raises, for the first time, pendent New York State common law claims of assault, battery, and intentional infliction of emotional distress. *See id.*

The Defendants now move to strike Plaintiff's second amended complaint, arguing that Plaintiff failed to seek leave of the Court before serving a second amended complaint as required by Rule 15 of the Federal Rules of Civil Procedure and the second amended complaint fails to comply with the Court's previous order. *See* Affidavit in Support of Defendants' Motion. The Defendants further argue that, with respect to the state law claims asserted in the second amended complaint, they should be stricken because the statute of limitations has expired on each claim.

### Discussion

Rule 15 of the Federal Rules of Civil Procedure provides:

A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may

---

[1] Plaintiff titled his submission as an "Amended Complaint." He did not indicate that it was, in fact, his second amended complaint.

> so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading *only by leave of court or by written consent of the adverse party*; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

Fed. R. Civ. P. 15(a)(emphasis added).

First, Plaintiff's service of this complaint on the Defendants was clearly in violation of Rule 15.[2] Second, with respect to Plaintiff's *Monell* and false arrest claims, as explained above, the Court ruled on October 31, 2005 that Plaintiff may not proceed on these claims and struck them from Plaintiff's February 2005 proposed amended complaint. Moreover, it is now clear that Plaintiff cannot maintain a false arrest

---

[2] In his opposition to the Defendants' motion, Plaintiff asserts, *inter alia*, that he filed the December 2005 second amended complaint because he would be prejudiced "if the cause of action . . . for excessive has to be extricated by the legally untrained eyes of the jury from the labyrinth of the first proposed amended complaint." Affirmation in Opposition to Motion to Strike Amended Complaint at ¶ 11. Because Plaintiff submitted a proposed amended complaint with his motion for leave to amend and this Court struck certain portions of the proposed amended complaint, there was no need for Plaintiff to file a second amended complaint for "a re-framing of the excessive force section." *Id*. At trial, the jury will have no need to examine Plaintiff's complaint in order to understand Plaintiff's claim and decide the case. It will be counsel's duty to present the claim to the jury through evidence and testimony. Furthermore, this rationale offered by Plaintiff for why he filed a second amended complaint does not explain why he raised state law claims for the first time and reasserted claims on which this Court had already ruled.

4

claim as he did not succeed on the appeal of his underlying criminal conviction.  *See People v. Carl*, 19 A.D.3d 505, 796 N.Y.S.2d 254 (2d Dep't 2005)(order affirming Carl's conviction)(attached as Ex. G to Affidavit in Support of Defendants' Motion); *People v. Carl*, 5 N.Y.3d 804, 836 N.E.2d 1156, 803 N.Y.S.2d 33 (2005)(order denying Carl leave to appeal order affirming conviction)(attached as Ex. F to Affidavit in Support of Defendants' Motion).  Finally, Plaintiff's pendent state law claims were raised in a second amended complaint served without leave of the Court; the claims could be stricken on that basis alone.  Moreover, while the Court may be inclined to permit Plaintiff leave to amend his complaint to assert such claims since the Defendants would not likely suffer any prejudice, such an amendment would be futile because the claims are barred by the applicable statutes of limitations.  *See Marchi v. Bd. of Coop. Educ. Servs. of Albany*, 173 F.3d 469, 478 (2d Cir. 1999) ("Although leave to amend is usually freely granted, it may be denied within the trial court's discretion where the proposed amendment would be futile.").  The incident of which Plaintiff complains took place on September 6, 2001.  *See* Amended Compl.  Plaintiff filed the instant action on September 1, 2004, within the three-year statute of limitations for claims brought under § 1983.  New York State law claims of assault, battery, and intentional infliction of emotional distress, however, are

subject to a one-year statute of limitations.  *See* N.Y. C.P.L.R. § 215(3); *Kwarren v. American Airlines*, 303 A.D.2d 722, 722, 757 N.Y.S.2d 105, 106 (2d Dep't 2003)("[C]ause of action to recover damages for intentional infliction of emotional distress is barred by the one-year statute of limitations.").  When such claims are asserted against a municipality, they must be brought within one year and ninety days "after the happening of the event upon which the claim is based."  N.Y. Gen. Mun. Law § 50-i(1).  These claims are, therefore, untimely and Plaintiff will not be permitted to further amend his complaint to assert such claims.

## **Conclusion**

Accordingly, the only claim on which Plaintiff may proceed is his claim of excessive force under § 1983 against the individual police officers.  Plaintiff's claims against the City of Yonkers and the City of Yonkers Police Department pursuant to *Monell* were stricken from Plaintiff's proposed amended complaint on October 31, 2005.  The Defendant's motion to strike the second amended complaint is, therefore, granted and the Court's previous order of October 31, 2005 remains in effect.

Plaintiff's motion to enlarge the time for discovery remains pending.  The parties are hereby ordered to appear before the undersigned on Friday, May 12, 2006 at 9:15 a.m. at which time the Court will hear argument from both sides on the issue and

render its ruling on the record.

SO ORDERED.

_____
MARK D. FOX
UNITED STATES MAGISTRATE JUDGE

White Plains, New York
Date: April 27, 2006

Copies of this order have been sent to the following:

The Honorable Stephen C. Robinson, U.S.D.J.

Menez Jean-Jerome, Esq.
146-11 89th Avenue
Jamaica, New York 11435

Joseph T. Bonanno, Esq.
City Hall, Room 300
Yonkers, New York 10701